NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2026 IL App (4th) 260459-U

NOS. 4-26-0459, 4-26-0460, 4-26-0461 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 30, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Winnebago County |
| JAMES PATRICK YANCE, | ) | Nos. 25CF3380 |
| Defendant-Appellant. | ) | 25CF3395 |
| | ) | 25CF3396 |
| | ) | |
| | ) | Honorable |
| | ) | Jennifer J. Clifford, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Presiding Justice Steigmann and Justice Lannerd concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The circuit court did not err in finding no condition or combination of conditions can mitigate the real and present threat defendant poses to any person or persons or the community.

¶ 2     Defendant, James Patrick Yance, appeals the circuit court's order denying his pretrial release under section 110-6.1(a) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1(a) (West 2024)). Defendant contends the State failed to prove by clear and convincing evidence he posed an unmitigable threat to the safety of a person or the community. We affirm.

¶ 3                              I. BACKGROUND

¶ 4     This appeal involves three cases. In Winnebago County case No. 25-CF-3380, defendant was charged on December 29, 2025, with aggravated domestic battery (720 ILCS

5/12-3.3 (West 2024)). According to the criminal complaint, defendant, in committing domestic battery, knowingly caused Alexandria Walker great bodily harm when he slammed a door on Walker's fingers. In Winnebago County case No. 25-CF-3395, defendant was charged with two counts of armed robbery (*id.* §§ 18-1(b)(1), 18-2(a)(2)). In Winnebago County case No. 25-CF-3396, defendant was charged with two counts of attempted armed robbery (*id.* §§ 8-4(a), 18-2(a)(1), (2)) and one count of attempted aggravated robbery (*id.* § 8-4(a), 18-1(b)(1)).

¶ 5        The State filed a petition to deny defendant pretrial release in all three cases. The pretrial services report, referenced by the circuit court and the parties, shows defendant, at the time of offenses, was 26 years old and had resided in Rockford, Illinois, his entire life. Defendant completed two years of college and had been working as a field fastener for three months. Defendant had been diagnosed with bipolar disorder but was not receiving mental health treatment. Defendant received substance abuse treatment in 2020 and denied any current substance abuse issues. Defendant had juvenile adjudications for aggravated battery and aggravated arson. In addition, according to the report, defendant "is currently on Adult Probation with Officer Hashee['s] supervision [of] the individual." The offense for which defendant was on probation is listed as "22CF403—Possess Firearm-Convicted of Out-of-State Felony." The report further states the probation officer's notes show defendant was not compliant with the terms and conditions of his probation, as defendant failed to report to probation four times from September to December 2025. Defendant's Winnebago County adult offenses include an "Agg Robbery/Indicate Arm" conviction in 2020, for which defendant was sentenced to four years' imprisonment. Defendant also had two misdemeanor convictions in 2019 for resisting a peace officer and "Battery/Makes Physical Contact." Defendant scored 8 out of 14 on the Virginia Pretrial Risk Assessment Instrument—Revised, indicating a high risk to reoffend. Defendant also

scored 13 out of 30 on the Domestic Violence Screening Instrument. High risk for future intimate partner violence begins at a score of 11.

¶ 6        The State proffered three jailhouse calls defendant made to Walker. The first two were made before defendant was ordered not to contact Walker. The circuit court summarized the calls for the record. During the first call, defendant asked "the victim" about her fingers. She replied she is "an amputee now." Defendant began to cry and apologized to the victim and repeatedly said he would "fix" it. The second call occurred the next day to the same number. He told "the victim" she would have to make a statement. The third call was made from a different personal identification number (PIN) from the jail than defendant's. The court noted, however, "given the context of the call and what is said within, it is likely—the State would argue that this is the defendant calling the victim through somebody else's PIN." According to the court:

> "Defendant says, you told they asked about that store shit? The victim says, no, that's why I'm wondering what the fuck is going on. Defendant, they charged me, but it ain't what it is. They just put us on no contact too. They be like, you know, you can't be contacting, woo, woo, woo, that's why I called you from— you feel me? They just put that shit in today, that's why I'm getting you—or excuse me, that's why I'm letting you know I'm going to speedy trial it, you're going to, like, you're going to have to, like, fall back a lot, you know, if this is going to go good."

¶ 7        The State further provided factual summaries of the three cases. Regarding the aggravated domestic battery case, the State proffered defendant repeatedly pulled Walker's phone charger from the wall. The two argued. Defendant shoved Walker's head against a wall,

pointed a gun at her head, and slammed a door onto her hand, severing her right pointer and ring fingers. Regarding the two other offenses, the State proffered video footage shows a suspect, on November 29, 2025, entering Corner Food N More and pointing a gun at the clerk. The clerk fled, after which the suspect attempted to smash the cash register on the floor. The suspect was unsuccessful in retrieving cash. Thirty minutes later, a suspect wearing the same clothes entered a Short Stop convenience store, pointed a gun at the clerk, and demanded the clerk empty the register. The clerk did so. A search warrant executed on defendant's phone indicates the phone was at or near both locations when the offenses occurred. The record further shows the suspect was wearing a mask, and license-plate readers revealed a vehicle registered to defendant was seen in the area of both crimes. Photographs on social media show defendant in clothing similar to the masked assailant.

¶ 8        Defense counsel countered by emphasizing defendant's involvement with the community. Defendant volunteered "with the Rockford Muslim Political Action Committee, the Rockford Chapter Chairman of the Illinois Coalition to End Permanent Punishment, that's like [an] advocacy group, they help people do expungements, know their rights as it relates to the justice system, that sort of thing." Defendant was a union member and was working at the time of his arrest. Counsel argued defendant was motivated to comply with conditions to keep his job. Counsel further proffered defendant would find somewhere else to live and not contact Walker if released.

¶ 9        The circuit court, after finding the State had proved by clear and convincing evidence the requisite factors to deny pretrial release, granted the State's petition. In ordering defendant detained pretrial, the court noted the record showed the aggravated battery occurred in the presence of Walker's son and no gun was located.

¶ 10 In April 2026, defendant filed a motion for relief under the Code. Defendant argued the State's petition should have been denied, as the State failed to prove by clear and convincing evidence no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community. The circuit court disagreed and denied defendant's motion.

¶ 11 This appeal followed.

¶ 12 II. ANALYSIS

¶ 13 On appeal, defendant filed a notice in lieu of a memorandum pursuant to Illinois Supreme Court Rule 604(h)(7) (eff. Apr. 15, 2024) and stands on his motion for relief filed in the circuit court.

¶ 14 Thus, defendant's lone argument on appeal is the State failed to prove by clear and convincing evidence no condition or combination of conditions can mitigate the threat he poses to a person or persons or the community. Defendant contends the State improperly relied only on its factual proffer, and such reliance was insufficient for the State to satisfy its burden.

¶ 15 When the State seeks, under the dangerousness standard, to detain pretrial a defendant charged with an eligible offense (725 ILCS 5/110-6.1(a) (West 2024)), the State must prove by clear and convincing evidence (1) "the proof is evident or the presumption great that the defendant has committed" an offense described in section 110-6.1(a) (*id.* § 110-6.1(e)(1)), "the defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case" (*id.* § 110-6.1(e)(2)), and (3) "no condition or combination of conditions *** can mitigate *** the real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case" (*id.* § 110-6.1(e)(3)(i)). Because no live testimony was presented during the detention

- 5 -

hearing, we review defendant's claim *de novo*. *People v. Morgan*, 2025 IL 130626, ¶ 54.

¶ 16 By challenging only the third factor, defendant concedes the State sufficiently proved he poses a real and present threat to the safety of a person or persons or the community. Given the proffer showing defendant has a history of criminal violence (see 725 ILCS 5/110-6.1(g)(2)(A) (West 2024)), the victim of his violence resided with him and defendant continued to contact the victim despite an order barring such conduct (see *id.* § 110-6.1(g)(3), (4)), defendant has access to weapons (see *id.* § 110-6.1(g)(7)), and defendant was on probation when the charged offenses occurred (see *id.* § 110-6.1(g)(8)), the record plainly shows defendant poses a real threat.

¶ 17 With knowledge of the magnitude of the threat defendant poses, we turn to the question of whether the State sufficiently proved that threat cannot be mitigated by any condition or combination of conditions. We find the State did. We disagree with defendant's contention in his motion for relief the State proffered no evidence other than the factual summary to prove this factor. The pretrial services report considered at the detention hearing, and argued by the State, shows a defendant unwilling to comply with court orders and conditions of probation. In addition, at the hearing, the State proffered evidence of a call showing defendant, despite being ordered not to contact Walker, called Walker using another's PIN. Evidence proffered by the State showed all three offenses for which defendant had been charged were committed with a weapon while defendant was on probation for an offense involving a weapon. We have no confidence defendant will comply with any court-ordered condition. The State clearly and convincingly proved no condition or combination of conditions can reasonably mitigate the real and present threat defendant poses.

¶ 18 The circuit court did not err in denying defendant pretrial release.

¶ 19                              III. CONCLUSION

¶ 20        We affirm the circuit court's judgment.

¶ 21        Affirmed.